IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KEITH BURCH,

Plaintiff,

v.

TREMPEALEAU COUNTY, THE TREMPEALEAU COUNTY SHERIFF'S OFFICE, ERICA KOXLIEN, JOAN KOVAL, AMANDA SCHWENNSEN, JEANINE STEWART, THE HONORABLE RIAN W. RADTKE, JOHN SACIA, MICABIL DIAZ, and THE TREMPEALEAU COUNTY ADA COORDINATOR,

Defendants.

ORDER

26-cv-1099-jdp

---

The court has received a motion for temporary restraining order from Patrice E. Martin, acting as a "designated outside advocate" for Keith Burch, a pretrial detainee held at Trempealeau County Jail. Martin states that jail personnel is violating Burch's rights under the Constitution and the Americans with Disabilities Act by modifying his regimen of medications necessary to treat his disabling hemiplegic migraines; denying him access to technology necessary for him to fill out prison grievances or litigate his criminal case, Trempealeau County No. 2023CF168 (in which he is proceeding pro se); fraudulently charging him in that case; and shaking down his cell to hinder his defense.

I will deny the motion for temporary restraining order and dismiss this case for two main reasons. First, the motion is signed only by Martin, not by Burch. There is no indication that Martin is a lawyer representing Burch or even that Burch is aware that Martin is pursuing this litigation on his behalf. Martin cannot bring a lawsuit on Burch's behalf. *See, e.g.*, *Elustra v. Mineo*, 595 F.3d 699, 704 (7th Cir. 2010) ("Normally, representative parties such as next

friends may not conduct litigation pro se; pleadings may be brought before the court only by parties or their attorney.”).

Second, most of the relief that Martin seeks for Burch involves this court intervening in Burch’s criminal prosecution. Absent extraordinary circumstances not present here, federal courts must abstain from deciding a claim when doing so would interfere with a state’s pending criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 43–44 (1971). Arguments about fraudulent charges or misconduct by jail officials to hamper Burch’s pro se defense can be brought directly to the state court.

One final point. For reasons that are unclear on the electronic docket of Burch’s state criminal case, he has chosen to proceed pro se with his defense. Given Martin’s assertions that Burch is disabled without his ordinary medication regimen and is being harassed by jail officials, he may want to reconsider whether it is wise to proceed in his criminal case without a lawyer to advocate on his behalf.

I will direct the clerk of court to send copies of Martin’s motion and this order to Burch, Martin, the Trempealeau County sheriff, and the judge presiding over Burch’s criminal case.

ORDER

IT IS ORDERED that:

1. The motion for temporary restraining order, Dkt. 1, is DENIED. This case is DISMISSED.

2. The clerk of court is directed to send copies of the motion and this order to Keith Burch, Patrice E. Martin, Trempealeau County Circuit Court Judge Rian Radtke, and Trempealeau County Sheriff Erica Koxlien.

Entered November 13, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge